UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | § § § § § | |
| Plaintiff, | | |
| vs. | § § § | CIVIL ACTION NO. 4:11-CV-02531 |
| EXTENDED DISC INTERNATIONAL LTD., | § § § § | |
| Defendant. | § | |

**DEFENDANT EXTENDED D.I.S.C. INTERNATIONAL OY LTD.'S
MOTION TO STRIKE
PLAINTIFF'S SURREPLY TO DEFENDANT EDI'S RULE 12(B)(2) MOTION TO
DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant Extended D.I.S.C. International Oy Ltd. ("EDI") moves to strike Plaintiff's Surreply to Defendant EDI's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 29) ("Surreply") because such a surreply is not authorized under the applicable rules of procedure.

EDI filed a Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 12) on October 6, 2011. Plaintiff filed an Opposition to Defendant's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 25, filed under seal) ("Response") on December 12, 2011. EDI filed a Reply in Support of Its Rule 12(b)(2) Motion to Dismiss (Docket Entry No. 28) on December 29, 2011. Under the Local Rules and the Court's Procedures, no other responses or replies are allowed.[1]

---

[1] *See* Southern District Local Rules, L.R. 7 "CIVIL PRETRIAL MOTION PRACTICE" (discussing motions and responses, but not surreplies), *available at* www.txs.uscourts.gov/district/rulesproc/dclclrl2009.pdf; Judge Gilmore's Procedures, Rule "4. Motion Practice," (discussing motions, responses, and replies, but not surreplies), *available at* www.txs.uscourts.gov/district/judges/vdg/vdg.pdf.

Without obtaining or even requesting leave of Court, Plaintiff filed its Surreply, which contains arguments that could have been made in either Plaintiff's Complaint or its Response. The Surreply discusses and attaches as an exhibit a PowerPoint presentation from EDI's website, yet this PowerPoint presentation (which is dated 2010) was available on the website long before Plaintiff filed its Response. Plaintiff fails to explain why it could not have included this information in its Response.

Even if the Court were to consider Plaintiff's Surreply, the Court should still dismiss Plaintiff's Complaint for lack of personal jurisdiction over EDI. Plaintiff's Surreply is simply a recognition that personal jurisdiction over EDI is absent and is a last ditch attempt -- and a continuation of the efforts in Plaintiff's Response -- to improperly base jurisdiction over EDI on the contacts of a third party, Extended DISC North America, Inc. ("EDNA"). The PowerPoint presentation attached to the Surreply refers to EDI's contract relationships around the world, including with EDNA, and is consistent with statements in EDI's Rule 12(b)(2) Motion to Dismiss and the Declaration of Jukka Sappinen. Plaintiff's statements to the contrary are based on its desire to improperly treat EDI (a Finnish company) and EDNA (a Texas company) as one company for jurisdictional purposes. But jurisdiction over EDI can be based only on EDI's -- not EDNA's -- contacts with Texas, so there is no need to "correct the record." The record shows that EDI and EDNA are separate companies and that the Court lacks personal jurisdiction over EDI.

For these reasons, the Court should strike Plaintiff's Surreply to Defendant EDI's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 29) and dismiss Plaintiff's Complaint (Docket Entry No. 1) against EDI for lack of personal jurisdiction.

DATED: January 19, 2012

        Respectfully submitted,

        AJAMIE LLP


        By: */s/ Dona Szak*
            Thomas R. Ajamie
            State Bar No. 00952400
            S.D. Tex. No. 6165
            Dona Szak
            State Bar No. 19597500
            S.D. Tex. No. 429130
            John S. "Jack" Edwards, Jr.
            State Bar No. 24040851
            S.D. Tex. No. 38095
            Pennzoil Place - South Tower
            711 Louisiana, Suite 2150
            Houston, TX  77002
            Telephone:  (713) 860-1600
            Facsimile:   (713) 860-1699

        **ATTORNEYS FOR DEFENDANT EXTENDED D.I.S.C. INTERNATIONAL OY LTD.**


## **CERTIFICATE OF CONFERENCE**

     I certify that, under Local Rule 7.1, a reasonable effort has been made to resolve this dispute without the necessity of court intervention, but this effort has failed.  I conferred by phone with Plaintiff's counsel Bradley Powers on January 13, 2012, but the parties cannot agree about the disposition of this motion.  Plaintiff contends that a surreply is authorized in the Southern District of Texas without leave of court, and has declined to withdraw its Surreply.


        */s/ John S. "Jack" Edwards, Jr.*
        John S. "Jack" Edwards, Jr.

**CERTIFICATE OF SERVICE**

      I certify that on January 19, 2012, a true and correct copy of the foregoing document was served by ECF on the following counsel of record:

Edmund J. Sease
Bradley J. Powers
MCKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Ste. 3200
Des Moines, IA  50309-2721

Michael E. Wilson
FULBRIGHT & JAWORSKI L.L.P.
1301 McKinney, Suite 5100
Houston, TX  77010-3095

                                              */s/ Dona Szak*
                                              Dona Szak