**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TARGET TRAINING** | § | |
| **INTERNATIONAL, LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:11-CV-02531** |
| | § | |
| **EXTENDED DISC INTERNATIONAL,** | § | |
| **LTD.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT EXTENDED D.I.S.C. INTERNATIONAL OY LTD.'S**
**MOTION TO STAY LITIGATION PENDING PATENT REEXAMINATION**

Defendant Extended D.I.S.C. International Oy Ltd. ("EDI") files this Motion to Stay Litigation (subject to EDI's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 12)).

In its Complaint, Plaintiff Target Training International, Ltd. ("TTI") claims that EDI has infringed TTI's Patent. No. 7,249,372.  EDI moves to stay this litigation because the United States Patent & Trademark Office ("USPTO") conducted reexamination proceedings, and on January 6, 2012, the USPTO issued a Final Rejection of all claims of TTI's patent.  If the Final Rejection is sustained on appeal (assuming TTI appeals), the patent will be cancelled and the issues in this suit will be moot.

Therefore, in order to conserve the resources of this Court and the parties, EDI moves for a stay of this litigation pending resolution of the reexamination process.

## I.   NATURE AND STAGE OF PROCEEDING

### A.   This Litigation

Plaintiff Target Training International, Ltd. filed this patent lawsuit on July 7, 2011 (Docket Entry No. 1).  Because personal jurisdiction over EDI is lacking, and because Plaintiff's Complaint fails to state a claim under the *Twombly/Iqbal*[1] pleading standard, EDI filed a Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 12) and a Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Docket Entry No. 13) on October 6, 2011.  Both motions have been fully briefed and are pending.  Also pending is Plaintiff's Unopposed Motion for Leave to File Under Seal (Docket Entry No. 26), which was filed on December 13, 2011.  Two other motions were recently filed and have not yet been submitted to the Court: EDI's Motion to Strike Plaintiff's Surreply to EDI's Rule 12(b)(2) Motion to Dismiss (Docket Entry No. 30), which was filed on January 19, 2012, and Plaintiff's Motion for Protective Order (Docket Entry No. 31), which was filed on January 23, 2012.

An initial pretrial and scheduling conference was held on November 18, 2011.  The Court entered a Scheduling Order (Docket Entry No. 24) on November 22, 2011.  TTI has taken jurisdictional discovery, but merits discovery has not commenced.  To avoid unneeded work and expense, the parties agreed in the Joint Discovery/Case Management Plan to postpone making Initial Disclosures and conducting merits discovery until after the Court rules on EDI's two pending motions to dismiss.[2]

---

[1] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[2] Docket Entry No. 22, Exhibit A, Joint Discovery/Case Management Plan, ¶ 9, p. 3 ("The parties have conferred and have agreed to make Rule 26(a)(1) disclosures no later than April 17, 2012, provided the Court has ruled on EDI's motions to dismiss by March 3, 2012.  If the Court has not yet ruled on EDI's motions to dismiss by March 3, 2012, the parties agree that they will postpone making the initial disclosures and all other discovery until 45 days after the Court rules on all motions to dismiss.").

B.     Reexamination by the USPTO

Outside this litigation, the USPTO recently conducted a reexamination of Patent No. 7,249,372.  "A reexamination is an administrative proceeding conducted by the [USPTO] to determine a patent's validity."  *Tesco Corp., (US) v. Varco IP, Inc*., 2006 WL 6625915, at *3 (S.D. Tex. Nov. 9, 2006).   On April 25, 2011, the USPTO granted a request for ex parte reexamination of TTI's patent because a "substantial new question of patentability" had been raised.[3]   After conducting its reexamination, the USPTO issued a Final Rejection of Patent No. 7,249,372 on January 6, 2012.  The Examiner considered 68 claims regarding the patentability of Patent No. 7,249,372.  The Examiner **rejected all 68 claims**.  The USPTO's Final Rejection is attached as Exhibit A.

The patent owner (i.e., Plaintiff TTI) may appeal the Final Rejection to the USPTO Board of Patent Appeals and Interferences ("BPAI"), and may then appeal the BPAI's decision to the Federal Circuit Court of Appeals.[4]   If the Final Rejection of Patent No. 7,249,372 is affirmed on appeal, the USPTO will issue a Reexamination Certificate summarizing the outcome of the proceeding and canceling Patent No. 7,249,372.[5]

A decision by the USPTO that the reexamined claims of an issued patent are canceled as unpatentable renders the claims unenforceable in pending litigation and in any future disputes. *See Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983); *Broadcast Innovation, L.L.C. v. Charter Commc'n, Inc*., 2006 WL 1897165, at *2 (D. Colo. July 11, 2006).

---

[3] Exhibit A, Final Rejection, ¶ 1, p. 2.
[4] *See* 35 U.S.C §§ 134(b), 141, 144 and 306.
[5] *See* 35 U.S.C. § 307(a).

## II.      ISSUE FOR DECISION

EDI asks that the Court rule on the following issue:

> Should the Court stay this case pending resolution of the USPTO's reexamination of Patent No. 7,249,372, where the USPTO has issued a Final Rejection of the patent, which if upheld on appeal would result in the cancellation of the patent, and where no party would be unduly prejudiced by the stay, and where the stay would simplify the issues for the Court and prevent the Court and the parties from wasting time and resources?

The standard of review is abuse of discretion.  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988).

## III.      STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  In deciding whether to stay a patent lawsuit pending a reexamination by the USPTO, courts consider three factors: (1) whether the stay will cause undue prejudice or a clear tactical advantage to the nonmoving party; (2) whether the stay will simplify the issues; and (3) whether discovery is complete and whether a trial date has been set.  *Cameras Onsite, LLC v. Digital Mgmt. Solutions, Inc.*, 2010 WL 1268054, at *2 (S.D. Tex. March 24, 2010) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005)).   Reexamination can benefit the litigation because:

1.      All prior art presented to the Court will have been first considered by the USPTO, with its particular expertise;

2.      Many discovery problems relating to prior art can be alleviated by the PTO examination;

3.      In those cases resulting in effective invalidity of the patent, the suit will likely be dismissed;

- 4 -

4.      The outcome of the reexamination may encourage a settlement;

5.      The record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation;

6.      Issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination; and

7.      The cost will likely be reduced for both the parties and the Court.

*See Premier Int'l Assocs. LLC v. Hewlett-Packard Co.*, 554 F. Supp. 2d 717, 720 (E.D. Tex. 2008) (citations omitted); *Tesco*, 2006 WL 6625915, at *4; *EchoStar Techs. Corp. v. TiVo, Inc.*, 2006 WL 2501494, at *2 (E.D. Tex. July 14, 2006).  The Federal Circuit has noted that USPTO reexamination may eliminate most, if not all, of the issues in infringement litigation.  *Gould*, 705 F.2d at 1342.  If the patent is cancelled, the issues in the pending infringement litigation become moot.  *See Broadcast Innovation*, 2006 WL 1897165, at *2.  If the patent is not found invalid, the reexamination is likely to narrow and simplify the issues for the Court, and the technical expertise provided by the reexamination will help the Court decide the remaining issues. *Premier,* 554 F. Supp. 2d at 720 (citing *Gould*, 705 F.2d at 1342).

District courts in the Southern District of Texas routinely have granted stays of cases pending reexamination by the USPTO.  *See Cameras Onsite*, 2010 WL 1268054 (Judge Werlein) (granting stay of patent claims pending completion of reexamination, but denying stay of unrelated breach-of-contract claim); *Ascend Geo, LLC v. OYO Geospace Corp.*, 2009 WL 4850939 (S.D. Tex. Dec. 11, 2009) (Judge Atlas) (granting stay pending completion of reexamination); *Automated Bus. Cos. v. ENC Tech. Corp.*, 2009 WL 3190448, at *9 (S.D. Tex. Sept. 30, 2009) (Judge Lake) (granting stay pending completion of reexamination); *Tesco*, 2006 WL 6625915 (Judge Rosenthal) (granting opposed motion to stay pending decision by USPTO whether to conduct reexamination); *Weatherford Int'l Inc. v. Casetech Int'l, Inc.*, 2006 WL

581270 (S.D. Tex. Mar. 8, 2006) (Judge Ellison) (granting unopposed motion to stay pending completion of reexamination).

## IV.    ARGUMENT AND AUTHORITIES

The Court should stay this case pending completion of the USPTO reexamination process because: (1) no prejudice to either party will occur; (2) the reexamination is likely to eliminate or simplify the issues; and (3) the case is at an early stage.[6]

### A.    A Stay Will Cause No Undue Prejudice.

A stay of this case will not unduly prejudice either party. While a stay would halt further proceedings in this case, "[m]ere delay, without more though, does not demonstrate undue prejudice." *Cameras Onsite,* 2010 WL 1268054, at *3 (citation and quotation omitted). Further, "[r]eexamination does not threaten protracted or indefinite delay. The reexamination statute directs the PTO to conduct reexamination proceedings with 'special dispatch.' 35 U.S.C. § 305. Additionally, because the patent is involved in litigation, the reexamination proceeding will 'have priority over all other cases.' Manual of Patent Examining Procedures § 2261." *Alza Corp. v. Wyeth*, 2006 WL 3500015, at *1 (E.D. Tex. Nov. 21, 2006). In fact, if this case is not stayed, both parties may be prejudiced. The USPTO has already issued a Final Rejection of the patent, and if this decision is affirmed on appeal, the USPTO will cancel the patent. Proceeding with this litigation, particularly further discovery and motion practice, would be unduly time-consuming, costly, and ultimately unproductive for both the parties and, EDI submits, for the Court.

---

[6] EDI makes this request for a stay subject to EDI's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 12). Should the Court grant EDI's Rule 12(b)(2) Motion to Dismiss, the instant Motion to Stay (and other motions before this Court) will be moot. However, EDI has made this Motion to Stay at this time in order to avoid the possibility of waiving its request for a stay and to conserve the resources of the Court and the parties.

B.    A Stay Is Likely to Simplify the Issues.

A stay of this case is likely to eliminate or simplify the issues. If the patent is canceled as a result of the reexamination proceedings, this litigation will become moot. The entire case will be resolved, and there would be no need for the Court to rule on the motions that have been filed.[7]

In similar situations, courts have granted a stay of litigation. For example, in *Cameras Onsite*, a stay was granted where the "reexamination likely will simplify the issues . . . If . . . the [patent] is found invalid . . . , this action will be moot. If the patent is partially invalidated . . ., then by not granting a stay the Court possibly will have wasted its time and the time and resources of the parties by addressing invalid claims." 2010 WL 1268054, at *4. Similarly, in *Weatherford*, a stay was granted where "reexamination by the PTO will likely clarify and potentially narrow the issues in the case, resulting in a more efficient resolution of the suit following the conclusion of the reexamination process." 2006 WL 581270, at *2. "Because this case rests in large part upon the validity of the [patent], the outcome of the reexamination is likely to have a substantial impact on the questions involved . . . , and a stay is appropriate to conserve judicial resources and avoid duplicative or contradictory rulings." *Id.* at *1. And in *Ascend Geo*, a stay was granted where "reexamination will simplify and potentially eliminate the issues in this case." 2009 WL 4850939, at *1.

As the court noted in *EchoStar Technologies*, simplification of the issues is the "predominant consideration" favoring a stay:

---

[7] These motions are EDI's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 12); EDI's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Docket Entry No. 13); Plaintiff's Unopposed Motion for Leave to File under Seal (Docket Entry No. 26); EDI's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry No. 30); and Plaintiff's Motion for Protective Order (Docket Entry No. 31).

[I]f the parties continue to litigate the validity of the claims in this Court, and the PTO subsequently finds that some or all of the claims in issue here are invalid, the Court will have wasted time and the parties will have spent additional funds addressing an invalid claim or claims.  Thus, the grant of a stay will maximize the likelihood that neither the Court nor the parties expend their assets addressing invalid claims.

*      *      *

Having the benefit of a *Markman* hearing under its belt, the Court finds that reexamination in this case will greatly influence the proceedings going forward.   If the reexamination proceeding invalidates or narrows a claim or claims, the issues at trial will be simplified.  But more importantly in light of the asserted scope of the claims at issue in this case, to the extent the reexamination proceeding reaffirm[s] the claims at issue, the Court will then have the benefit of the PTO's expert analysis of the prior art that allegedly invalidates or limits the claims.

2006 WL 2501494, at *3-4 (bold emphasis added; citations omitted); *see also Premier*, 554 F.Supp.2d at 724 ("The second factor, whether a stay would simplify the issues in this case, also supports granting the stay. . . .  [T]here is a large amount of uncertainty regarding the scope of the claims.  In order to conserve both the parties' and judicial resources, this factor weighs in favor of a stay.").

C.      The Early Stage of This Case Favors a Stay.

A stay of this case is appropriate given the early stage of this case.  EDI's Rule 12(b)(2) Motion to Dismiss for Lack of Personal Jurisidiction (Docket No. 12) and Rule 12(b)(6) Motion to Dismiss (Docket No. 13) are pending.  No merits discovery has occurred.  In their Joint Discovery/Case Management Plan, the parties agreed to postpone merits discovery until after the Court rules on EDI's two pending motions to dismiss.[8]   The initial pretrial and scheduling conference was held on November 18, 2011, and on November 22, 2011, the Court entered a

---

[8] Docket Entry No. 22, Exhibit A, Joint Discovery/Case Management Plan, ¶ 9, p. 3.

Scheduling Order (Docket Entry No. 24).   The Court scheduled the *Markman* Claim-Construction Hearing for November 16, 2012.  No trial date has been set.

Again, in similar situations, courts have granted a stay of litigation.  For example, in *Cameras Onsite*, a stay was granted where the "case is at its beginning stage.  Discovery has just begun; no dispositive motions have been filed.  Neither party has submitted proposed claim constructions to the Court, and the *Markman* hearing is not set [for another four months].  Docket Call tentatively is set [in 18 months]."  2010 WL 1268054, at *4.  Similarly, in *Ascend Geo*, a stay was granted where the "case is in a very early stage.  Discovery is permitted [for another 12 months], and the docket call and final pretrial conference are not scheduled [for another 20 months]."  2009 WL 4850939, at *1.  Here, a stay is warranted because this case is also at its beginning stage.  The discovery deadline on claim-construction issues is not scheduled for another eight months (i.e., September 15, 2012), the *Markman* hearing is not scheduled for another 10 months (i.e., November 16, 2012), and no Docket Call has been scheduled.

Resources would be unnecessarily wasted if this case proceeded past the dismissal stage and the patent later was declared invalid.  The *EchoStar Technologies* court noted the waste of resources that would occur in preparing a case for trial on invalid claims:

> [A]lthough there has been a great deal of activity in this litigation to date, much remains to be done before the case is ready for trial.  Discovery is not yet completed, summary judgment motions have not been filed, and the Court has not completed its claim construction.  It would be an egregious waste of both the parties' and the Court's resources if the *Markman* and summary judgment proceedings went forward and the claims were subsequently declared invalid or were amended as a result of the reexamination proceeding."

2006 WL 2501494, at *3; *see also Premier*, 554 F.Supp.2d at 724 ("The scheduling conference was recently held, no discovery has been initiated, and this case was set for a jury trial in

[23 months] with a claim construction set [in 11 months].   Therefore, since this case is in its infancy, this factor weighs in favor of a stay.").

## V.      <u>CONCLUSION AND PRAYER</u>

For these reasons, should the Court not dismiss this case for lack of personal jurisdiction, the Court should enter an order staying the case pending the resolution of the reexamination process of Patent No. 7,249,372.

Wherefore, premises considered, EDI respectfully requests that the Court stay further proceedings in this case pending the resolution of the reexamination process of Patent No. 7,249,372, and for such other and further relief to which EDI may show itself justly entitled.


DATED:  January 24, 2012                        Respectfully submitted,


                                                AJAMIE LLP


                                                By: <u>*/s/ Dona Szak*                            </u>
                                                    Thomas R. Ajamie
                                                    State Bar No. 00952400
                                                    S.D. Tex. No. 6165
                                                    Dona Szak
                                                    State Bar No. 19597500
                                                    S.D. Tex. No. 429130
                                                    John S. "Jack" Edwards, Jr.
                                                    State Bar No. 24040851
                                                    S.D. Tex. No. 38095
                                                    AJAMIE LLP
                                                    Pennzoil Place - South Tower
                                                    711 Louisiana, Suite 2150
                                                    Houston, TX  77002
                                                    Telephone:  (713) 860-1600
                                                    Facsimile:   (713) 860-1699

                                                **ATTORNEYS FOR DEFENDANT EXTENDED
                                                D.I.S.C. INTERNATIONAL OY LTD.**

**CERTIFICATE OF CONFERENCE**

I certify that, under Local Rule 7.1, a reasonable effort has been made to resolve this dispute without the necessity of court intervention, but this effort has failed.  I conferred by email with Plaintiff's counsel Bradley Powers on January 24, 2012, but the parties were unable to agree on the disposition of this motion.  Plaintiff opposes EDI's Motion to Stay Litigation Pending Patent Reexamination.

*/s/ John S. "Jack" Edwards, Jr.*
John S. "Jack" Edwards, Jr.


**CERTIFICATE OF SERVICE**

I certify that on January 24, 2012, a true and correct copy of the foregoing document was served by ECF on all counsel of record, including:

Edmund J. Sease
Bradley J. Powers
McKee, Voorhees & Sease, P.L.C.
801 Grand Avenue, Ste. 3200
Des Moines, IA  50309-2721

Michael E. Wilson
Fulbright & Jaworski L.L.P.
1301 McKinney, Suite 5100
Houston, TX  77010-3095

*/s/ Dona Szak*
Dona Szak