**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. H-11-2531 |
| EXTENDED DISC INTERNATIONAL, LTD., | § § § | |
| Defendant. | § § | |

## ORDER GRANTING DEFENDANT'S MOTION TO STAY

Pending before the court is the motion by Defendant Extended Disc International, Ltd. ("EDI") to stay litigation of this patent infringement lawsuit until there is a final ruling from the United States Patent & Trademark Office ("PTO") on a reexamination of the patent. (EDI's Motion to Stay Litigation Pending Patent Reexamination ["Motion"], Docket Entry #32, at 1). For the reasons detailed below, the court orders that this action be stayed until such time as that reexamination process is complete.[1]

**Discussion**

On July 24, 2007, the United States Patent & Trademark Office issued United States Letters Patent 7,249,372 ("the '372 patent"), titled "NETWORK BASED DOCUMENT DISTRIBUTION METHOD," in the name of inventors Bill J. Bonnstetter, David R. Bonnstetter, and Rodney Cox. (Complaint, Docket Entry #1, at 2). Plaintiff Target Training International, Ltd. ("TTI") then

---

[1] Most courts that have addressed the matter have concluded that the issuance of a stay "does not exceed the powers of a federal magistrate." *Sweet Lake Land & Oil Co., LLC v. Exxon Mobil Corp.*, 2011 WL 6300343, at *6 (W.D. La. Dec. 16, 2011) (slip copy) (citing 28 U.S.C § 636(b)(1)(A); *Nken v. Holder*, 556 U.S. 418, 129 S. Ct. 1749, 1757–58 (2009); *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010)); *accord Johnson v. Louisiana*, 2010 WL 4291423, at *1 (W.D. La. 2010). The parties are reminded, however, that they are free to "serve and file objections to the order within 14 days after being served with a copy." FED. R. CIV. P. 72(a).

acquired ownership of the patent.  (*Id*.).  On July 7, 2011, Plaintiff filed this lawsuit, accusing

Defendant of patent infringement.  (*Id*.).  On October 6, 2011, in response to the lawsuit, EDI filed

two motions to dismiss, one based on the court's purported lack of personal jurisdiction, and one for

failure to state a claim.  (Docket Entries #12, #13).  Those motions are pending before the court.

On November 16, 2011, the parties agreed to the following:

> If the Court has not yet ruled on EDI's motions to dismiss by March 3, 2012, the
> parties agree that they will postpone making the initial disclosures and all other
> discovery until 45 days after the Court rules on all motions to dismiss.

(Notice of Filing of Joint Discovery/Case Management Plan and Proposed Scheduling Order ["Joint

Discovery Plan"], Docket Entry #22 at Exhibit ["Ex."] A).

In their joint discovery plan, the parties also noted that the '372 patent was being reexamined

by the PTO.[2]  (*Id*. at Ex. A, at 2).  Subsequently, on January 6, 2012, the PTO issued a "Final

Rejection" of all claims of the '372 patent.  (Motion at 1-3 & Ex. A).  On January 24, 2012,

Defendant filed its motion to stay litigation pending the outcome of any appeal of the PTO's

determination.

As a rule, "[t]he decision to stay a patent case pending reexamination is entirely in the

Court's discretion."  *Tesco Corp. v. Weatherford Int'l, Inc*., 599 F. Supp. 2d 848, 850 (S.D. Tex.

2009) (Ellison, J.) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988); *Soverain

Software LLC v. Amazon.com, Inc*., 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005)); *see Gould v.

Control Laser Corp*., 705 F.2d 1340, 1342 (Fed. Cir. 1983).  In exercising that discretion, the court

will weigh the competing interests of the parties to determine the best course of action.  *See Tesco

Corp*., 599 F. Supp. 2d at 850 (citing *Landis v. North Am. Co*., 299 U.S. 248, 254-55 (1936)).  In

---

[2] Through the "reexamination" process, the PTO has an opportunity "to review and correct an initial
examination."  ROBERT L. HARMON, PATENTS AND THE FEDERAL CIRCUIT § 15.4 (4th ed. 1998).

determining whether to stay proceedings pending the reexamination of a patent, courts generally consider the following factors:

> (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

*Premier Int'l Assoc. LLC v. Hewlett-Packard Co.*, 554 F. Supp. 2d 717, 720 (E.D. Tex. 2008) (quoting *Soverain Software LLC*, 356 F. Supp. 2d at 662); *see Ascend Geo, LLC v. OYO Geospace Corp.*, 2009 WL 4850939, at *1 (S.D Tex. 2009) (Atlas, J.).

*Prejudice*

One consideration in determining whether this case should be stayed is an inquiry into prejudice to the parties, or "a clear tactical disadvantage to the nonmoving party." *Premier Int'l Assoc. LLC*, 554 F. Supp. 2d at 720; *Soverain Software LLC*, 356 F. Supp. 2d at 662. Plaintiff claims that a stay could result in "years" of delay. (Plaintiff's Opposition to Defendant's Motion to Stay Litigation Pending Patent Reexamination ["Response"], Docket Entry #36, at 5-8). This litigation, however, is at a relatively early stage. For instance, Defendant's only response to TTI's complaint to date is through preliminary motions to dismiss, which the court has yet to rule on. (Docket Entries #12, #13). Further, the parties have agreed to postpone certain discovery matters until the court has had the opportunity to do so. (Joint Discovery Plan at Ex. A). And, while a stay will clearly cause delay, courts recognize that "'[m]ere delay, without more..., does not demonstrate undue prejudice.'" *Cameras Onsite, LLC v. Digital Mgmt. Solutions, Inc.*, 2010 WL 1268054, at *3 (S.D. Tex. 2010) (Werlein, J.) (quoting *Ho Keung Tse v. Apple Inc.*, 2007 WL 2904279, at *4 (N.D. Cal. 2007); *Alza Corp. v. Wyeth*, 2006 WL 3500015, at *1 (E.D. Tex. 2006). In addition, any disadvantages of delay are tempered by the fact that, by statute, the PTO is required to conduct all

3

reexamination proceedings "with special dispatch." 35 U.S.C. § 305. Further, the PTO gives priority to those patents which, like the '372 patent, are the subject of pending litigation. *See Cameras Onsite, LLC*, 2010 WL 1268054, at *3 (citing MANUAL OF PATENT EXAMINING PROC. § 2261); *Alza Corp.*, 2006 WL 3500015, at *1. Moreover, the reexamination proceedings at issue are not at an early stage; the PTO has already issued a final rejection of the '372 patent, and the issue is awaiting decision on appeal. (Motion at 1-3 & Ex. A). Both parties agree the likelihood of the rejection being reversed on appeal is only 35%. (Response at 9; Defendant's Reply in Support of Motion to Stay ["Reply"], Docket Entry #39, at 1 & n.1). If it is not reversed, then the patent will be cancelled, and all of Plaintiff's claims will be moot. *See* 35 U.S.C. § 307(a); *Skytruck Int'l Airfreight Inc. v. Missouri Pacific Airfreight, Inc.*, 902 F.2d 43, 43 (Fed. Cir. 1989). And, if the rejection is reversed, in whole or in part, "the reexamination will at least likely result in a narrowing and simplifying of the issues before the Court." *Premier Int'l Assoc. LLC*, 554 F. Supp. 2d at 720 (citing *Bros. Co. v. Mid-Western Energy Corp.*, 225 U.S.P.Q. 886, 887 (W.D. Okla. 1985)). Here, then, it appears that a stay would more likely benefit both parties, rather than prejudice TTI.

Plaintiff argues that "[a] stay would unduly prejudice TTI because of the harm in the marketplace resulting from EDI's unfair competition." (Response at 6). Defendant, on the other hand, points to Extended Disc North America, Inc. ("EDNA") as the company Plaintiff actually believes to be liable. (Reply at 2-3). While EDNA is a company related to EDI, Defendant insists that it is not under its control. (*Id.*). In fact, at this time, Plaintiff has a separate lawsuit pending, against EDNA, for infringement of the '372 patent. *See Target Training Int'l, Ltd. v. Extended Disc North Am., Inc.*, Civil Action No. H-10-3350 (S.D. Tex. Sept. 17, 2010) (Hoyt, J.). On these facts, it is not clear that a stay of the case against EDI would result in harm to Plaintiff. It is true that,

4

"[w]here the parties are direct competitors, a stay would likely prejudice the non-movant." *Tesco Corp.*, 599 F. Supp. 2d at 851.  On this record, however, denying Defendant's motion to stay is more likely to result in prejudice, in the form of needless time and expense, than would granting the stay while awaiting the appeal of the PTO's final rejection of the patent.  (*See* Motion at 6).

For these reasons, the court cannot conclude that a stay would result in "undue prejudice," or "present a clear tactical disadvantage to the nonmoving party."  *See Premier Int'l Assoc. LLC*, 554 F. Supp. 2d at 720; *Soverain Software LLC*, 356 F. Supp. 2d at 662.  As a result, this factor weighs in favor of ordering a stay.

*Simplifying the Issues*

The next factor the court should consider is whether imposing a stay would, at the very least, "simplify the issues in question and trial of the case."  *Premier Int'l Assoc. LLC*, 554 F. Supp. 2d at 720; *see Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1428 (Fed. Cir. 1988); *Soverain Software LLC*, 356 F. Supp. 2d at 662.  It has long been recognized that the patent reexamination process "will at least likely result in a narrowing and simplifying of the issues before the Court" in a patent infringement case.  *Premier Int'l Assoc. LLC*, 554 F. Supp. 2d at 720 (citing *Loffland Bros.*, 225 U.S.P.Q. at 887).  And courts have emphasized that if, after reexamination, a patent is upheld, the rights of the patent holder "will only be strengthened, as the challenger's burden of proof becomes more difficult to sustain."  *EchoStar Tech. Corp. v. TiVo, Inc.*, 2006 WL 2501494, at *3 (E.D. Tex. 2006) (citing *Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc.*, 807 F.2d 955, 961 (Fed. Cir.1986); *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1139 (Fed. Cir.1985)).  In this instance, if the '372 patent is "partially invalidated while this case is pending," then "by not granting a stay the Court possibly will have wasted its time and the time and resources of the parties by

addressing invalid claims." *See Cameras Onsite, LLC*, 2010 WL 1268054, at *3 (citing *EchoStar Tech.*, 2006 WL 2501494, at *3).  Further, "to the extent the reexamination proceeding[s] reaffirm the claims at issue, the Court will then have the benefit of the PTO's expert analysis of the prior art that allegedly invalidates or limits the claims." *See EchoStar Tech.*, 2006 WL 2501494, at *4 (citing *GPAC, Inc. v. D.W.W. Enters., Inc*., 144 F.R.D. 60, 63 (D. N.J. 1992); *United Sweetener USA, Inc. v. Nutrasweet Co*., 766 F. Supp. 212, 217 (D. Del. 1991); *Loffland Bros.*, 225 U.S.P.Q. at 887); *see Gould*, 705 F.2d at 1342.  Additional benefits to the parties, and the court, that would result from a stay include the possibilities that "[t]he outcome of the reexamination may encourage a settlement"; that "issues, defenses, and evidence will be more easily limited in pretrial conferences after a reexamination"; and that "[t]he cost will likely be reduced." *Premier Int'l Assoc. LLC*, 554 F. Supp. 2d at 720 (citing *Fisher Controls Co. v. Control Components, Inc*., 443 F. Supp. 581, 582 (S.D. Iowa 1977); *Emhart Indus. v. Sankyo Seiki Mfg*., 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987); *GPAC, Inc.*, 144 F.R.D. at 63).  Courts have also recognized that "the technical expertise provided by the reexamination proceeding will be helpful to the Court on any issues that remain." *Id*. (citing *Gould*, 705 F.2d at 1342); *see Odom v. Microsoft Corp*., 429 Fed. Appx. 967, 974 (Fed. Cir. 2011).

In this case, the PTO is reexamining all of the claims of the '372 patent.  As a consequence, the outcome of the reexamination process will, in all likelihood, simplify or eliminate the issues in this infringement suit.  *See Premier Int'l Assoc. LLC*, 554 F. Supp. 2d at 720.  This factor, then, also weighs in favor of granting a stay.

*Status of the Case*

The last factor that courts generally consider in determining whether to order a stay is the "status of the case." *Id*. As detailed earlier, this litigation has yet to progress very far. The parties have agreed to postpone certain matters pending the resolution of preliminary motions to dismiss. (Joint Discovery Plan at Ex. A). In addition, discovery is in its very early stages, the *Markman* hearing is set eight months into the future, and the court has yet to set a date for trial. (Scheduling Order, Docket Entry #24). In fact, TTI concedes that "the stage of the case is one factor which arguably tilts in EDI's favor." (Response at 11). TTI claims that, by choosing to be served through the Hague, and then by filing motions to dismiss, Defendant has already delayed this case and should not be permitted to seek further delay. (*Id*. at 11-12). But Plaintiff's claims, regardless of merit, do not negate the fact that this case is still in its early stages.

Indeed, this litigation is at an early stage, while the reexamination proceedings are at a late stage. In fact, at this stage of the process, the PTO has rejected Plaintiff's patent. It does not appear that a stay would unduly prejudice Plaintiff. Further, the resolution of the reexamination process will serve to simplify the issues before the court, if not eliminate, outright, some or all of them. On this record, then, the court is well within its discretion to impose a stay of proceedings. *See Tesco Corp*., 599 F. Supp. 2d at 850; *Premier Int'l Assoc. LLC*, 554 F. Supp. 2d at 720, 724; *Soverain Software LLC*, 356 F. Supp. 2d at 662; *EchoStar Tech.*, 2006 WL 2501494, at *3.

**Conclusion**

In sum, the risk of prejudice, the ease of resolving this case, and the status of this case favor the imposition of a stay of litigation until a final decision is reached in the reexamination of the '372 patent. *See Tesco Corp*., 599 F. Supp. 2d at 850-53; *Premier Int'l Assoc. LLC*, 554 F. Supp. 2d at

720; *Soverain Software LLC*, 356 F. Supp. 2d at 662.  As a result, Defendant's motion for a stay is **GRANTED**, and this action is **STAYED**, pending the resolution of the reexamination process.

It is so **ORDERED**.

The Clerk of the Court shall enter this memorandum and order and provide a true copy to all counsel of record.

**SIGNED** at Houston, Texas, this 26th day of March, 2012.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**