**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TARGET TRAINING** | § | |
| **INTERNATIONAL, LTD.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:11-CV-02531** |
| | § | |
| **EXTENDED DISC INTERNATIONAL,** | § | |
| **LTD.,** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT EXTENDED D.I.S.C. INTERNATIONAL OY LTD.'S**
**STATUS REPORT**

Defendant Extended D.I.S.C. International OY Ltd. ("EDI") respectfully submits this Status Report pursuant to the Court's Order dated January 23, 2015 (ECF No. 48).

Target Training International, Inc. ("TTI") brought this suit against EDI for patent infringement. The Court stayed proceedings in this case pending the United States Patent & Trademark Office's reexamination of the patent (ECF No. 40).

The reexamination is concluded. On September 16, 2014, the Court of Appeals for the Federal Circuit issued an order affirming the decision of the Patent Trial and Appeal Board to cancel the original patent claims asserted by TTI. Exh. A and B. On January 12, 2015, the PTO issued a reexamination certificate cancelling the patent claims at issue in this suit. Exh. C.

When a patentee's claims are cancelled in a reexamination, any causes of action based on those claims are extinguished. *Fresenius USA, Inc. v. Baxter International, Inc.*, 721 F.3d 1329, 1339-40 (Fed. Cir. 2013), *cert. denied*, 134 S.Ct. 2295 (2014). "The reexamination statute restricts a patentee's ability to enforce the patent's original claims to those that survive examination in 'identical' form." 721 F.3d at 339 (internal citations omitted). Here, TTI's

original claims did not "survive examination in identical form."  The cancellation disposes of TTI's lawsuit.

Regarding other aspects of this litigation, EDI is a Finnish company with no offices or operations in the U.S.A.  EDI filed a Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 12).  EDI also moved for dismissal for failure to state a claim.  (ECF No. 13).  These motions remain pending before the Court.

The Court should reject TTI's invitation to prolong this dispute.  This lawsuit cannot serve as a roving expedition for TTI to gin up claims when jurisdiction is lacking and the PTO has disposed of the patent claims at issue.[1]  EDI respectfully suggests that the Court's and parties' time may best be conserved by considering the dispositive issues in this case.

Dated:  February 6, 2015.

---

[1] TTI filed its status report without first conferring with counsel for EDI.  Counsel for EDI believes that this case should be dismissed and is pursuing discussions of a resolution with TTI's counsel.

Respectfully submitted,

AJAMIE LLP


By: */s/ Dona Szak*

      Thomas R. Ajamie
      State Bar No. 00952400
      S.D. Tex. No. 6165
      Dona Szak
      State Bar No. 19597500
      S.D. Tex. No. 429130
      John S. "Jack" Edwards, Jr.
      State Bar No. 24040851
      S.D. Tex. No. 38095
      AJAMIE LLP
      Pennzoil Place - South Tower
      711 Louisiana, Suite 2150
      Houston, TX  77002
      Telephone:  (713) 860-1600
      Facsimile:  (713) 860-1699

**ATTORNEYS FOR DEFENDANT EXTENDED
D.I.S.C. INTERNATIONAL OY LTD.**


## CERTIFICATE OF SERVICE

I certify that on February 5, 2015, a true and correct copy of the foregoing document was served by ECF on all counsel of record, including:

Edmund J. Sease
MCKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Ste. 3200
Des Moines, IA  50309-2721


      */s/ Dona Szak*
      Dona Szak