UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., § § § | |
| Plaintiff, § § | |
| vs. § | CIVIL ACTION NO. 4:11-CV-02531 |
| § EXTENDED DISC INTERNATIONAL, § LTD., § § | |
| Defendant. § | |

**DEFENDANT EXTENDED D.I.S.C. INTERNATIONAL OY LTD.'S
SUPPLEMENT TO MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Extended D.I.S.C. International OY Ltd. ("EDI") respectfully submits this supplement to its Motion to Dismiss for Failure to State a Claim (ECF Nos. 13, 18). EDI's Motion to Dismiss for Failure to State a Claim and this supplement are made without prejudice to EDI's motion to dismiss for lack of personal jurisdiction (ECF No. 12).

### I.     NATURE AND STAGE OF THE PROCEEDING

Target Training International, Ltd. ("TTI") brought this suit against EDI for patent infringement. (ECF No. 1). The Court stayed proceedings in this case pending the United States Patent & Trademark Office's reexamination of the patent. (ECF No. 40).

The reexamination is concluded. On September 16, 2014, the Court of Appeals for the Federal Circuit affirmed the Patent Trial and Appeal Board's cancellation of TTI's patent claims. Exh. A, pp. 2, 11; Exh. B. On January 12, 2015, the PTO issued a reexamination certificate cancelling those claims. Exh. C, p. 2. The claims at issue in TTI's suit thus have been cancelled.

## II.     STATEMENT OF THE ISSUE

Because the patent claims underlying TTI's suit have been cancelled, should TTI's complaint be dismissed for failure to state a claim on which relief can be granted?

## III.     ARGUMENT AND AUTHORITIES

### A.     Because the patent claims were cancelled, the suit must be dismissed

None of TTI's original patent claims – the claims on which this lawsuit is based[1] – survived reexamination.  The Patent Trial and Appeal Board cancelled the claims, and the cancellation was affirmed on appeal to the Court of Appeals for the Federal Circuit.  (Exh. A and B).  The claims have been fully and finally adjudged invalid.

When a patentee's claims are cancelled in a reexamination, any causes of action based on those claims are extinguished.  *Fresenius USA, Inc. v. Baxter International, Inc.*, 721 F.3d 1330, 1339-40 (Fed. Cir. 2013), *cert. denied*, 134 S.Ct. 2295 (2014).

The PTO accepted new claims, but the new claims differ from the original claims.  This can be seen by comparing the claims in the original patent (Exh. 1 to Complaint, ECF No. 1-1, pp. 24-25) to the claims in the reexamination certificate.  (Exh. C).  The claims are different.

"The reexamination statute restricts a patentee's ability to enforce the patent's original claims to those that survive examination in 'identical' form.'"  721 F.3d at 339 (internal citations omitted).  TTI's original claims did not "survive examination in identical form."  The PTO's acceptance of different claims does not revive TTI's suit.

The cancellation disposes of TTI's lawsuit.  TTI's complaint fails to state a claim on which relief can be granted, and under Rule 12(b)(6) the complaint must be dismissed.

---

[1] The original patent is attached to TTI's Complaint as Exh. 1.  (ECF No. 1, Exh. 1).  The eleven claims are set out in the last two pages of the exhibit.

- 3 -

B.	The Court may consider the exhibits to this supplement

The Court may consider the exhibits to this supplement (Exh. A, B. and C) without converting this motion to a motion for summary judgment.  "In ruling on Rule 12(b)(6) motions, district courts generally may rely only on the complaint and its proper attachments. . . . They are permitted, however, to rely on matters of public record."  *See Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (internal citations omitted); Fed. R. Civ. P. 12(d) (matters outside the pleadings).  Since each exhibit is a matter of public record, the Court may utilize the records in ruling on this motion.

## IV.	CONCLUSION

In conclusion, EDI respectfully requests that the Court dismiss TTI's complaint.

Dated:  February 17, 2015.

Respectfully submitted,

AJAMIE LLP


By: /s/ Dona Szak
    Thomas R. Ajamie
    State Bar No. 00952400
    S.D. Tex. No. 6165
    Dona Szak
    State Bar No. 19597500
    S.D. Tex. No. 429130
    John S. "Jack" Edwards, Jr.
    State Bar No. 24040851
    S.D. Tex. No. 38095
    AJAMIE LLP
    Pennzoil Place - South Tower
    711 Louisiana, Suite 2150
    Houston, TX  77002
    Telephone:  (713) 860-1600
    Facsimile:   (713) 860-1699

**ATTORNEYS FOR DEFENDANT EXTENDED D.I.S.C. INTERNATIONAL OY LTD.**


## CERTIFICATE OF SERVICE

I certify that on February 17, 2015, a true and correct copy of the foregoing Supplement to Motion to Dismiss for Failure to State a Claim was served by ECF on all counsel of record, including:

Edmund J. Sease
MCKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Ste. 3200
Des Moines, IA  50309-2721


    /s/ Dona Szak
    Dona Szak