**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | Civil Action No. 4:11-CV-02531 |
| Plaintiff, | |
| | Judge Vanessa D. Gilmore |
| v. | |
| EXTENDED DISC INTERNATIONAL, LTD, | |
| Defendant. | |

**PLAINTIFF TARGET TRAINING INTERNATIONAL, LTD.'S FURTHER OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff Target Training International, LTD. ("TTI") served Defendant Extended DISC International, LTD. ("EDI") with a Complaint on August 16, 2011, alleging direct and indirect infringement and inducement of infringement under 35 U.S.C. § 271 of U.S. Patent No. 7,249,372 (the "'372 patent"). On October 6, 2011, EDI filed a motion to dismiss TTI's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Supreme Court decisions of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009).[1] (Dkt. No. 13). EDI's original position was essentially that in light of the Supreme Court's *Twombly* and *Iqbal* decisions, TTI's Complaint allegations—despite meeting the

---

[1] TTI is involved in a companion action against EDI's U.S. franchisee, Extended DISC North America (EDNA) in the Southern District of Texas. In that companion case, EDNA (U.S. franchisee of EDI) filed the same motion, in a nearly identical presentation, which was denied by Judge Hoyt. (*See* Case 4:10-cv-03350, Dkt. 32).

requirements of Form 18 of the Federal Rules of Civil Procedure—do not plausibly give rise to an entitlement to relief and fail to allege facts showing that Plaintiff has such an exclusionary right in U.S. Patent No. 7,249,372 (the "'372 patent").

This case was stayed on March 26, 2012 in light of a patent reexamination filed by EDI, and thus this motion was never ruled upon. Following the conclusion of the reexamination, EDI filed a supplement to its Motion to Dismiss on February 17, 2015, asserting that TTI's Complaint should be dismissed as a result of the cancellation of all original claims in the '372 patent during the reexamination proceeding. EDI's contention that the case should be dismissed because the USPTO cancelled all of the original claims during the reexamination is unfounded because it ignores several critical points: (1) TTI's claim for patent infringement was asserted against EDI for infringing the '372 patent, not for specific claims of the patent, (2) 30 new claims were added during reexamination and there has been no determination that any of these claims are not substantially the same as the original claims (see Reexamination Certificate, attached hereto as Exhibit A); and (3) even if none of the newly added claims are substantially the same, that only bars recovery for damages that occurred prior to issuance of the reexamination certificate for the '372 patent.

Additionally, TTI notes that during the intervening years of the reexamination, several courts have had the opportunity to address whether the standard announced in *Twombly* and *Iqbal* overrides the viability of the federal forms, such as Rule 18 form for patent pleadings. TTI thus takes this opportunity to also address the applicable intervening case law which supports its position that this Court should deny EDI's

2

motion to dismiss, just as Judge Hoyt denied EDI's franchisee's motion in the corresponding TTI v. EDNA case.

## II.    THE CANCELLATION OF CLAIMS DURING REEXAMINATION DOES NOT REQUIRE DISMISSAL

As an initial matter, a review of the Complaint demonstrates that TTI's claim of infringement relates to infringement of the '372 patent as a whole, and not solely with respect to any specific claim.  Thus, by virtue of the fact that 30 new claims were added during reexamination, a determination of infringement of those newly added claims must be made, and this cannot be done at the motion to dismiss stage.

Further, there has not yet even been any determination as to whether or not any of the newly added claims are substantially identical, e.g., "without substantive change", in relation to any of the original claims. If they are, then TTI is entitled to infringement damages, *inter alia,* for the period between the date of issuance of the original claims and the date of issuance of the reexamined claims. See 35 U.S.C. §§ 252, 307(b)[2]; *Laitram Corp. v. NEC Corp.,* 163 F.3d 1342, 1346-47 (Fed. Cir. 1998) (*Laitram IV*) (internal citations omitted). This determination requires analysis of the scope of the original and reexamined claims in light of the specification, with attention to the references that occasioned the reexamination, as well as the prosecution history and any other relevant information. *See also Slimford Mfg. Co. v. Kinkead Indus.*, Inc. 810 F.2d 1113, 1115 (Fed Cir. 1987) (Explaining that the scope of the claims must be the same after reissue, not that the same words must be used. Thus whether amendments made to overcome rejections based on prior art are substantive depends on the nature and scope of the

---

[2] The effect of a reexamined patent during the period before issuance of the reexamination certificate is governed by 35 U.S.C. § 307(b), which provides that the rules established in § 252 for reissued patents shall apply to reexamined patents.

3

amendments, with due consideration "to the facts in any given case that justice will be done"); *Laitram Corp. v. NEC Corp.,* 952 F.2d 1357, 1362 (Fed. Cir. 1991) (*Laitram I*) (holding that a claim amendment made during reexamination following a prior art rejection is not automatically to be regarded as a substantive change). No such analysis can be made at the motion to dismiss stage.

Still further, even assuming that none of the newly issued claims are substantively identical to the original claims, the law is clear the statutory prohibition under 35 U.S.C. §§ 252 and 307(b) only prevents the patent owner from recovering for infringement sustained <u>prior to issuance of the reexamination certificate</u>. *Laitram IV*, 163 F.3d at 1348. There is no bar to seeking damages or injunctive relief from infringing activity that is ongoing after the date of the reissuance certificate. *Laitram IV*, 163 F.3d at 1346 ("If substantive changes have been made to the original claims, the patentee is entitled to infringement damages only for the period following the issuance of the reexamination certificate"); *Bloom Eng'g Co. v. North Am. Mfg. Co.*, 129 F.3d 1247, 1249-50 (Fed. Cir. 1997) (noting "the statute relieves those who may have infringed the original claims from liability <u>during the period</u> before the claims are validated") (emphasis added); *see also Predicate Logic, Inc. v. Distributive Software, Inc.*, 544 F.3d 1298 (Fed. Cir. 2008) (where patent litigation continued after reexamination and the Court addressed the scope of the claims amended during the reexamination process). Consequently, at a minimum,

TTI is entitled to have this case continue in order to address EDI's ongoing infringement of the '372 patent.[3]

### III. FORM 18 RETAINS VIABILITY FOR DIRECT INFRINGEMENT CLAIMS EVEN AFTER *TWOMBLY* AND *IQBAL*

Almost invariably, with respect to direct infringement claims, federal appellate courts have held that the forms, including Form 18, remain viable. *See, e.g.*, *KTech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283–84 (Fed.Cir. 2013) (applying Ninth Circuit law); *Superior Industries, LLC v. Thor Global Enterprises, Ltd.* 700 F.3d 1287 (Fed Cir. 2013) (applying Eighth Circuit law); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.* (*R+L Carriers, Inc. v. DriverTech LLC*), 681 F.3d 1323, 1333-35 (Fed. Cir. 2012) ("*R+L Carriers*"); *see also Velocity Patent LLC v. Audi of America, Inc.*, 2014 WL 4100481 (N.D. Ill. 2014) (applying Seventh Circuit law); *Ingeniador, LLC v. Lord's Co. of Orlando, Inc.*, 2014 WL 5460635 (D. P.R. 2014) (applying First Circuit law); *WesternGeco L.L.C. v. Ion Geophysical Corp.*, 776 F. Supp. 2d 342, 362 (S.D. Tex. 2011) (citing *McZeal*, 501 F.3d at 1356–57); *Realtime Data, LLC v. Morgan Stanley*, 721 F. Supp. 2d 538, 542 (E.D. Texas 2010). Thus, with respect to TTI's claims for direct infringement, TTI submits that because it complied with the Rule 18 form (*see* Dkt. No. 15, pp. 6-8), the Complaint is sufficient to state a claim that is plausible on its face, and EDI's motion to dismiss should be denied.

---

[3] TTI further notes that a dismissal would force TTI into an untenable position of being precluded from bringing a second suit on the newly issued claims of the Reexamined '372 Patent. *See Senju Pharmaceutical Co., Ltd. v. Apotex, Inc.*, 746 F.3d 1344 (Fed. Cir. 2014) (noting "the doctrine of claim preclusion would prohibit a party from asserting new claims in a reexamination in a separate infringement suit.").

IV.  **TTI'S COMPLAINT SUFFICIENTLY PLEADS FACTUAL ALLEGATIONS TO PLAUSIBLY SHOW THAT THE PLAINTIFF IS ENTITLED TO RELIEF ON ITS CLAIMS OF INDIRECT INFRINGEMENT**

According to the Federal Circuit in *R+L Carriers*, 681 F.3d at 1336-37, although Form 18 is applicable to direct infringement claims, it does not determine the sufficiency of pleading for claims of indirect infringement because Form 18 only address direct infringement.  Even still, however, TTI submits that it has sufficiently pled indirect infringement as required by *Twombly* and *Iqbal*.

Specifically, as noted in *R+L Carriers,* "to state a claim for contributory infringement . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Id*. at 1337 (internal citations omitted).  Further, to survive a motion to dismiss regarding induced infringement, the Complaint must contain facts plausibly showing that EDI specifically intended their customers to infringe the '372 patent and knew that the customer's acts constituted infringement. *Id*. at 1339. And, importantly, nothing in *Twombly* or *Iqbal* altered two basic premises: (a) it is not required that TTI be able to prove its case on these issues at the pleading stage; and (b) all reasonable inferences must be drawn in favor of the non-moving party. *Id*. at 1339-40 (internal citations omitted).

Here, TTI pled:

> 11.  Further, upon information and belief, EDI intended to cause, direct, encourage, induce, instruct, facilitate, assist, and/or urge others to perform actions or use systems that infringe one or more claims of the '372 patent.

6

>    12.    Further, upon information and belief, EDI had knowledge of the '372 patent and knew or should have known that EDI's control, direction, instruction, urge, assistance, and/or encouragement would result in infringement of one or more claims of the '372 patent.
>
>    13.    Upon information and belief, EDI's products and services use and/or contain one or more significant components of the '372 patented system.
>
>    14.    Further, upon information and belief, the significant components used or contained in EDI's products and services are especially designed and made for use that infringes one or more of the claims of the '372 patent.
>
>    15.    Further, upon information and belief, the significant components used or contained in EDI's products and services have no significant non-infringing use.
>
>    16.    EDI's customers' use of EDI's products and services using and containing one or more of the significant components of the '372 patent directly infringes one or more of the claims of the '372 patent.

(Dkt. No. 1, ¶¶ 11-16). In addition, TTI provided a number of examples as to how EDI's products and services infringed the claims of the '372 patent.[4] (Dkt. No. 1 , ¶¶ 17- 24). The Complaint also alleges that EDI had constructive and actual notice of the '372 patent and was aware, or should be aware its activities infringe the patent. (Dkt. No. 1 , ¶¶ 10, 25-27 27). TTI submits that these specific factual allegations create a facially plausible

---

[4] Importantly, while as a result of the Reexamination all of the asserted original patent claims No. 1-11 were cancelled, during the Reexamination 7 new independent and 23 new dependent claims (Claims 12-41) were added—claims TTI maintains EDI infringes.

entitlement to relief, allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, and put EDI on notice of its misconduct. *Twombly*, 550 U.S. at 557; *Iqbal*, 129 S. Ct. at 1949.

## V. CONCLUSION

Because TTI's Complaint meets the requirements of Form 18 of the Federal Rules, the Complaint is sufficient to state a claim of direct infringement that is plausible on its face. Further, because TTI has pled sufficient factual allegations for indirect infringement to create a facially plausible entitlement to relief, to allow the court to draw the reasonable inference that EDI is liable for the misconduct alleged, and to put EDI on notice of its misconduct, TTI requests that the Court deny EDI's motion to dismiss.

In the event, however, this Court concludes that TTI has not pled sufficient allegations under *Twombly* and *Iqbal*, TTI requests that the Court grant leave to amend.

Respectfully submitted,

/s/ Edmund J. Sease
Edmund J. Sease
R. Scott Johnson
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone:  515-288-3667
Fax:  515-288-1338
Email:  sease@ipmvs.com
Email:  brad.powers@ipmvs.com
Email:  mvslit@ipmvs.com

        Russell T. Wong
        WONG, CABELLO, LUTSCH,
          RUTHERFORD & BRUCCULERI L.L.P.
        Chasewood Bank Building
        20333 SH 249
        Suite 600
        Houston, TX 77070
        Phone:  832-446-2400
        Fax:  832-446-2424

        *ATTORNEYS FOR PLAINTIFF TARGET TRAINING INTERNATIONAL, LTD.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2015, I filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the following:

Thomas R. Ajamie
Dona Szak
John S. "Jack" Edwards, Jr.
AJAMIE LLP
Pennzoil Place – South Tower
711 Louisiana, Suite 2150
Houston, TX  77002

        /s/ Edmund J. Sease