UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TARGET TRAINING INTERNATIONAL, LTD., | ) ) ) ) | Civil Action No. 4:11-CV-02531 |
| Plaintiff, | ) ) ) | Judge Vanessa D. Gilmore |
| v. | ) ) | |
| EXTENDED DISC INTERNATIONAL, LTD, | ) ) ) | |
| Defendant. | ) ) | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER FEDERAL RULE OF CIVIL PROCEDURE 26(f)**

Plaintiff Target Training International, LTD. ("TTI") and Defendant Extended D.I.S.C. International Oy Ltd. ("EDI") file this Joint Discovery/Case Management Plan under Rule 26(f) of the Federal Rules of Civil Procedure. EDI joins in filing this plan subject to and without waiving its motion to dismiss for lack of personal jurisdiction and its motion to dismiss for failure to state a claim.

**1.    State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

Counsel for the parties participated in a teleconference pursuant to Rule 26(a) at 3:30 p.m. on February 27, 2015. Counsel in attendance were:

Christine LeBrón-Dykeman of McKee, Voorhees & Sease, PLC for Plaintiff TTI.

Dona Szak of Ajamie LLP for Defendant EDI.

**2.    List the cases related to this one that are pending in any state or federal court with the case number and court.**

> *Target Training International v. Extended DISC North America*, S.D. Tex. Case No. 4:10-cv-03350. Plaintiff TTI is also the plaintiff in this other case, while Defendant EDI is not a party to this other case.

3. **Briefly describe what this case is about.**

   **Plaintiff's Summary:** Plaintiff TTI accuses Defendant EDI of infringing U.S. Patent No. 7,239,372 (the '372 patent) which relates to a method of distributing assessment instruments. This case was stayed pending a reexamination of the '372 patent, which was initiated by the Defendant. On January 12, 2015, a Reexamination Certificate issued. While original claims 1-11 were cancelled, new narrower claims 12-41 were added during the reexamination and were confirmed as patentable. This case thus involves seven independent and 23 dependent claims.

   TTI alleges that EDI has directly infringed the newly added claims and has actively induced others, including e.g., EDNA, its U.S. distributor in the State of Texas. TTI further asserts that the infringement and active inducement of infringement has been intentional, willful, and deliberate, and objectively reckless. TTI seeks a judgment that the '372 patent, as reissued, is valid, enforceable, and infringed by EDI, a judgment that the infringement has been and is willful, an injunction restraining EDI from further infringement of the '372 patent, and monetary damages under 35 U.S.C. § 284 from the date of the Reissue Certificate, costs and attorneys fees under 35 U.S.C. § 285.

   **Defendant's Summary:** EDI is a small Finnish company with no offices, personnel, or other relevant jurisdictional contacts to the United States. EDI filed a motion to dismiss Plaintiff's complaint for lack of personal jurisdiction (ECF No. 12).

   This case was stayed following the PTO's re-examination of TTI's patent. Following the re-examination, the PTO cancelled all of the then-existing patent claims. The decision was affirmed on appeal to the Federal Circuit. Since the patent claims have been cancelled, TTI cannot state a claim on which relief can be granted. This issue is briefed in EDI's Supplement to Motion to Dismiss for Failure to State a Claim (ECF No. 52).

4. **Specify the allegation of federal jurisdiction.**

   This Court has jurisdiction over the subject matter under 28 U.S.C. §§ 1331 and 1338(a). Defendant agrees that the Court has subject matter jurisdiction.

5. **Name the parties who disagree and the reasons.**

    None.

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

Plaintiff TTI will move to consolidate this case with pending litigation in the same district against EDI's U.S. franchisee Extended DISC North America (S.D. Tex. Case No. 4:10-cv-03350) pursuant to Federal Rule of Civil Procedure 42.

**7.     List anticipated interventions.**

None known at this time.

**8.     Describe class-action issues.**

None.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties propose that they will postpone making the initial disclosures and all other discovery until 45 days after the Court rules on all motions to dismiss.

**10.    Describe the proposed agreed discovery plan, including:**

**A.     Responses to all the matters raised in Rule 26(f).**

The matters are discussed herein.  In addition, the Court already signed a Protective Order regarding the parties' confidential information (ECF No. 38).

**B.     When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff anticipates serving interrogatories on Defendant within 60 days after the Court rules on the motions to dismiss.

**C.     When and to whom the defendant anticipates it may send interrogatories.**

Defendant anticipates serving interrogatories on Plaintiff 60 days after the Court rules on the motions to dismiss.

**D.     Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates that it will take the deposition under FRCP 30(b)(6) of Defendant after Defendant has responded to Plaintiff's interrogatories and

requests for production of documents. Plaintiff anticipates this will occur in the next two hundred seventy (270) days, depending upon when the Court rules on EDI's motions to dismiss.

Plaintiff also anticipates taking the oral depositions of all persons who Defendant identifies in its Initial Disclosures. Plaintiff anticipates taking such depositions within two hundred seventy (270) days, depending upon when the Court rules on EDI's motions to dismiss.

Plaintiff also anticipates taking the depositions of all expert witnesses whom Defendant intends to rely on in this matter. Plaintiff anticipates taking such depositions within forty-five (45) days of the last permitted expert report.

Plaintiff reserves the right to take additional depositions as the case progresses.

**E.     Of whom and by when the defendant anticipates taking oral depositions.**

Defendant anticipates that it will take the deposition(s) under Federal Rule of Civil Procedure 30(b)(6) of Plaintiff after Plaintiff has produced its initial disclosures and responded to Defendant's interrogatories and requests for production of documents. Defendant anticipates this will occur within two-hundred seventy (270) days after the Court rules on Defendant's motions to dismiss.

Defendant also anticipates taking the oral depositions of all persons who Plaintiff identifies in its Initial Disclosures. Defendant anticipates taking such depositions within two-hundred seventy (270) days after the Court rules on Defendant's motions to dismiss.

Defendant also anticipates taking the depositions of all expert witnesses whom Plaintiff intends to rely on in this matter. Defendant anticipates taking such depositions within forty-five (45) days of the last permitted expert report.

Defendant reserves the right to take additional depositions as the case progresses.

**F.     When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff anticipates disclosing experts and providing expert reports 30 days after completion of non-expert discovery, with responsive experts to be designated 45 days thereafter.

    **G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Plaintiff anticipates deposing any experts upon which Defendant may rely.

    **H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

    Defendant anticipates deposing any experts upon which Plaintiff may rely

**11.    If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    The parties suggest that discovery commence, if needed, after the Court has ruled on the pending motions to dismiss.

**12.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

    Limited jurisdictional discovery has taken place, but no substantive discovery has been undertaken to date.

**13.    State the date the planned discovery can reasonably be completed.**

    The parties anticipate all discovery being completed 375 days from the ruling on the motions to dismiss.

**14.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    The parties discussed the possibility of informal settlement talks.

**15.    Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Plaintiff TTI: A similar 12(b)(6) motion to dismiss was denied by Judge Hoyt when filed by EDI's franchisee. A copy of this motion was provided to EDI's counsel who was urged to withdraw the motion, but declined. EDI's franchisee has been offered settlement terms but declined to entertain them.

    Defendant EDI: EDI does not believe that personal jurisdiction over it exists, and has therefore filed a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. EDI has also filed a Rule 12(b)(6) motion to dismiss for failure to state a claim.

**16.     From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

    Plaintiff TTI does not believe that ADR would be productive at this time.

    Defendant EDI does not believe that ADR would be productive at this time.

**17.     Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    The parties do not consent to trial by a magistrate judge.

**18.     State whether a jury demand has been made and if it was made on time.**

    Plaintiff made a timely jury demand in the original complaint.

**19.     Specify the number of hours it will take to present the evidence in this case.**

    Plaintiff believes it could present its evidence in 25 hours.

    Defendant EDI is currently unable to reasonably predict the number of hours it will take to present its evidence in this case.

**20.     List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    The Court may rule in EDI's Motion to Dismiss for Lack of Personal Jurisdiction (ECF Nos. 12 and 28).  TTI filed a response and surreply (ECF Nos. 25 and 29). In addition, the Court may rule on EDI's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (ECF Nos. 13, 18 and 52).  Plaintiff filed responses to this motion (ECF Nos. 15 and 53).

**21.     List other motions pending.**

    Pending motions are discussed above.

**22.     Indicate other matters peculiar to this case, including discovery, that deserves the special attention of the court at the conference.**

    The parties have agreed to provide all interrogatories, requests for production, and requests for admissions in pdf format, and a word processing version (e.g., Word or WordPerfect) of each to eliminate the need to retype the written discovery requests for purposes of responses.

**23.    Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing the original and any amendments.**

The parties have filed their Certificates of Interested Parties (ECF Nos. 7 and 21).

**24.    List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for Plaintiff Target Training International, Ltd.:

Russell T. Wong
State Bar No. 21884235
Stephen Zinda
State Bar No. 24084147
WONG, CABELLO, LUTSCH, RUTHERFORD &   BRUCCULERI L.L.P.
Chasewood Bank Building
20333 SH 249, Suite 600
Houston, TX 77070
Phone: (832) 446-2400
Fax: (832) 446-2424

Edmund J. Sease
R. Scott Johnson
McKEE, VOORHEES & SEASE, P.L.C.
801 Grand Avenue, Suite 3200
Des Moines, IA 50309-2721
Phone:  515-288-3667
Fax:  515-288-1338

Counsel for Defendant Extended D.I.S.C. International Oy Ltd.:

Thomas R. Ajamie
State Bar No. 00952400
S.D. Tex. No. 6165
Dona Szak
State Bar No. 19597500
S.D. Tex. No. 429130
John S. "Jack" Edwards, Jr.
State Bar No. 24040851
S.D. Tex. No. 38095
AJAMIE LLP
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX  77002
Telephone:  (713) 860-1600
Facsimile:   (713) 860-1699

Respectfully submitted,

| | |
|---|---|
| */s/  R. Scott Johnson* | */s/  Dona Szak* |
| Edmund J. Sease | Thomas R. Ajamie |
| R. Scott Johnson | State Bar No. 00952400 |
| McKEE, VOORHEES & SEASE, P.L.C. | S.D. Tex. No. 6165 |
| 801 Grand Avenue, Suite 3200 | Dona Szak |
| Des Moines, IA 50309-2721 | State Bar No. 19597500 |
| Phone:  515-288-3667 | S.D. Tex. No. 429130 |
| Fax:  515-288-1338 | John S. "Jack" Edwards, Jr. |
| | State Bar No. 24040851 |
| **COUNSEL FOR PLAINTIFF TARGET** | S.D. Tex. No. 38095 |
| **TRAINING INTERNATIONAL, LTD.** | AJAMIE LLP |
| | Pennzoil Place - South Tower |
| | 711 Louisiana, Suite 2150 |
| | Houston, TX  77002 |
| | Telephone:  (713) 860-1600 |
| | Facsimile:   (713) 860-1699 |
| | |
| | **ATTORNEYS FOR DEFENDANT** |
| | **EXTENDED D.I.S.C. INTERNATIONAL** |
| | **OY LTD.** |

## CERTIFICATE OF SERVICE

I certify that on March 2, 2015, a true and correct copy of the foregoing document was filed using the Court's ECF system, which will send notice of the filing to all counsel of record.

*/s/  Dona Szak*